**YOU ZHEN ZHON, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4937–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

You Zhen Zhon, a native and citizen of the People's Republic of China, seeks review of a September 29, 2006 order of the BIA affirming the May 5, 2005 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for relief under the Convention Against Torture ("CAT"). *In re You Zhen Zhon,* No. A95 652 743 (B.I.A.29, 2006), *aff'g* No. A95 652 743 (Immig. Ct. N.Y. City May 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

We find that substantial evidence supports the agency's denial of Zhon's application for relief under CAT. We have held that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured "based solely on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence

that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, Zhon provided insufficient evidence for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of excessive punishment. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003). Indeed, the BIA correctly noted that country reports provide that there are no confirmed cases of abuse of illegal emigrants returned to China from the United States. Although Zhon testified that his friend had been imprisoned, fined, and beaten for illegally departing China, he did not point to any particular similarities between his friend's circumstances and his own situation. *See Mu Xiang Lin*, 432 F.3d at 160. Accordingly, substantial evidence supports the agency's conclusion that Zhon failed to meet the high burden of proof for his CAT claim. *See Mu–Xing Wang*, 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).